UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| X-RITE, INC.,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>ACCUDENT PTY LTD.,<br><br>　　　Defendant. | Civil Action No. 02-2337 (RWR/JMF) |

**ORDER**

This is a patent infringement case. Plaintiff, X-Rite, Inc., is suing defendant, Accudent Pty Ltd., for a declaratory judgment that it has not infringed United States Patent No. 5, 177,694, entitled "Computerized Color Matching." Complaint for Declaratory Judgment of Patent Non-Infringement at Exhibit A. This case was referred to me for discovery. Currently pending and ready for resolution is Accudent's Motion to Compel Production of Documents ("Defs. Mot."). For the reasons stated below, defendant's motion will be granted in part and stayed in part.

In the motion currently before me, defendant seeks three categories of documents. First, defendant seeks documents describing the operation of plaintiff's dental vision system other than the promotional literature and instructions that are sent to the dentist. Defs. Mot. at 3. In its opposition to the motion, plaintiff claims that it has met its obligation by producing the following: 1) the actual "accused device," 2) the Patent Cooperation Treaty application, which describes the operation of the device, 3) written confirmation regarding operation of the device, and 4) documents supporting the written confirmation regarding operation of the device. Memorandum of Points and Authorities in Opposition to Defendant's Motion to Compel Production of Documents ("Plains. Opp.") at 2-3.

Plaintiff argues that, at this point, it has produced all the requested documents. Specifically, as to the first category of documents, plaintiff contends that while there had been an agreement between the parties that plaintiff need not produce those documents, ultimately, plaintiff did agree to produce them, at defendant's renewed request. Plains. Opp. at 2. Plaintiff thus argues that at the time the motion to compel was filed, plaintiff was in the process of compiling the documents and that they have now, in fact, been produced. Id. at 3. Plaintiff makes the same argument as to the second and third category of documents, namely, that at the time the motion was filed, plaintiff was in the process of compiling the requested information and that now the motion to compel is moot. Id. at 3.

In its reply, defendant simply maintains its position that plaintiff has not complied fully with their discovery requests. <u>Accudent's Reply in Support of its Motion to Compel Production of Documents</u> ("Defs. Reply") at 1. Defendant also asks that plaintiff state unequivacally that no further responsive documents exist and that the court award attorneys' fees and costs. Id. at 3-4.

The court cannot order plaintiff to produce what it does not have. Therefore, it is, hereby,

**ORDERED** that plaintiff file, within five days of the date of this order, a signed sworn affidavit attesting to the fact that has produced all responsive documents relating to the following requests:

    1.    One Exemplar of each model or other product category [hereinafter "model"] of color imaging system, and of each model of any product or system that includes a color imaging system, that Plaintiff has made, used, sold, imported into the U.S. or offered to sell since 25 November 1996.

    2.    For each model responsive to Request NO. 1, all documents that describe the operation of that model,

2

      including but not limited to, product literature available to customers and potential customers, operation descriptions, and operation flow charts.

14. All documents pertaining to Plaintiff's PCT application with publication number WO 01/41632 or any corresponding national patent application, including but not limited to all documents pertaining to prosecution of the corresponding US patent application.

It is further, hereby,

**ORDERED** that Accudent's request for attorneys' fees and costs is **DENIED**.  Thus, it is, hereby,

**ORDERED** that Accudent's Motion to Compel Production of Documents [#36] is **GRANTED** in part and **DENIED** in part.

**SO ORDERED.**

 

_____

JOHN M. FACCIOLA

Date:  UNITED STATES MAGISTRATE JUDGE